### FIELD v FINDLEY, Admr, etc

Ohio Appeals, 9th Dist, Lorain Co
No 531. Decided Oct. 21, 1930

Stevens & Stevens and Cyril J. Maple, Elyria, for Field.

G. B. Findley, Elyria, for Findley.

WASHBURN, J.

The issue of contributory negligence was not raised by the pleadings, but if there was any evidence tending to prove contributory negligence upon the part of McClacherty, it was, of course, the duty of the trial court to charge upon that issue.

The truck was being operated easterly on the highway, and the Lincoln car was being operated westerly on the same highway, which was improved, the paved portion thereof being about 19 feet wide. The accident occurred about 7:30 in the evening of an October day, when there was a slight drizzle of rain falling; and the evidence of both the plaintiff and the defendant establishes the fact that just before the collision the Lincoln car was turned sharply to the left, or wrong side of the road (that being the south side of the road), and that the collison took place when both cars were south of the center of the improved portion of the highway, a part of the Lincoln car being several feet south of the southerly edge of the improved portion of the highway, and in front of the truck, which was upon the right-hand side where it had a right to be; so that after the collision the north half of the improved portion of the road was unoccupied and open for traffic.

The evidence in behalf of the plaintiff tended to show that the truck was proceeding on its proper portion of the highway, and that just before the collision the Lincoln car suddenly turned out in front of said truck to pass a car just ahead of the Lincoln car and that the driver of the Lincoln, seeing that a collision with the truck was inevitable, turned more to the left and got partly off the pavement on the south side at the time of the collision.

The evidence in behalf of the defendant tended to prove that he was not driving his Lincoln car close to a car ahead of him and that he did not turn to the left to pass any car, but that he observed the truck coming, which was being driven partly north of the center of the improved portion of the highway without any lights of any kind, and that he determined that his best chance of avoiding a collision was to turn to the left, which he did.

It is evident that the jury found that the accident happened in the manner claimed by the plaintiff and not in the manner claimed by the defendant; and after a careful reading of the record, we are in hearty accord with that finding.

Even if the accident happened in the manner claimed by the defendant, he would be relieved from liability only because he was not negligent and not because McClacherty, who was a passenger in the truck, was guilty of contributory negligence; and even if Nagel, the driver of the truck, was negligent in not having lights on the truck at the moment of the accident, there is no evidence that before that

moment the lights were out or tending to prove that McClacherty had been riding in a truck without lights.

In our judgment the issue of contributory negligence on the part of McClacherty was not raised by the evidence in the case, and therefore the court was right in refusing to charge on that issue.

It is urged that the trial court failed properly to define the issues in the charge to the jury.

We do not think the charge, considered as a whole, is subject to that criticism. We find no substantial defect in the court's statement of the issues, and if there were such ,the controlling and important issues had been quite fully covered in the requests to charge made by the defendant and which were given by the court before argument.

It is also claimed that there is error in the charge, in that it is susceptible to the interpretation that the defendant is charged with the burden of proving that the accident was caused by the sole negligence of Nagel.

The court very plainly and clearly and in more than one instance charged that the burden of proof was upon the plaintiff to prove that the accident was proximately caused by the negligence of the defendant, and the court very properly charged as follows:

"You are instructed that if you find by a preponderance of the evidence that decedent's injuries were caused by the negligence and carelessness of Edwin Nagel, the driver of the truck in which decedent was riding, that would end the case and you will not further consider the case, but return a general verdict for the defendant."

And the court also charged as follows: "The ultimate facts found by you must be established by a preponderance of the evidence. This means that the facts which you find must be established by the greater weight of credible evidence, not necessarily by the greater number of witnesses."

It is said that by the use of the foregoing language the court charged that the burden of proof was upon the defendant to prove that the accident was caused by the sole negligence of Nagel.

We do not think the charge is susceptible of any such interpretation. In the language used the court was not attempting to charge upon the subject of burden of proof, and we see no basis for the claim that the jury might have so understood the charge of the court. Moreover, if the charge is susceptible to such interpretation, then the special requests of the defendant to charge before argument on the same subject which were given by the court are susceptible to a like interpretation, because those requested and given before argument, so far as the question under consideration is concerned, were almost identically the same as that part of the charge of which complaint is made.

There are several other complaints made in reference to the charge and concerning the trial of the case, which we do not deem it necessary to refer to in detail. We have carefully examined all of them and find no prejudicial error in the record.

The judgment is therefore affirmed.

Funk, PJ, and Pardee, J, concur.